146 N.J. Super. 111 (1977)
369 A.2d 17
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD DOLTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1976.
Decided January 7, 1977.
*113 Before Judges FRITZ, CRAHAY and ARD.
Mr. Edward F. Liston, Jr. argued the cause for appellant (Messrs. Novins, Farley, Grossman, Liston & York, attorneys; Mr. Robert F. Novins, of counsel).
Mr. Lowell Espey, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by FRITZ, P.J.A.D.
Defendant, then chief of the Mantoloking Police Department, was indicted with a codefendant, one Joseph Saldutti, Sr., in a four-count indictment. The first count charged the pair with conspiracy to obstruct the due administration of the laws (N.J.S.A. 2A:98-1(h)). The second count charged Saldutti with offering a bribe to Dolton (N.J.S.A. 2A:85-1; Dolton was not charged with a crime in this count). The third count charged that Dolton "by color of his * * * office, unlawfully did receive and take from JOSEPH SALDUTTI, SR. the sum of $500.00 United States currency, the said sum being a fee or reward not allowed by law to the said EDWARD DOLTON for performing his duties as the public officer aforesaid, contrary to the provisions of NJS 2A:105-1." The fourth count charged Dolton with misconduct in office (N.J.S.A. 2A:85-1). A jury convicted Saldutti on the second count and Dolton on the third count. Dolton was acquitted on the fourth count, and a mistrial resulted with respect to the first count when the jury could not agree upon a verdict.[1]
There is testimony which, if with its reasonable inferences was credited, was amply sufficient to convince a jury that Saldutti tendered and Dolton received $500 in February *114 (as a "Christmas gift"; compare State v. Savoie, 67 N.J. 439 (1975)) in order that Dolton might "see what [he] could do for the case." "The case" was a pending drunken driving charge against Saldutti's son, preferred by a subordinate of Dolton.
Dolton alone appeals, asserting:
I: The court below should have dismissed count three of the indictment at the conclusion of the State's case.
II: The trial court erred in its charge to the jury on count three of the indictment and defendant's conviction on that count should therefore be reversed.
III: The court below erred in not dismissing count one of the indictment and its submission to the jury tainted the jury's verdict on count three.
IV: The court below erred in admitting into evidence those portions of defendant Saldutti's statement to Detective Gallant which were inculpatory of defendant Dolton.
We are satisfied that the third and fourth points urged are clearly without merit. R. 2:11-3(e) (2).
Relying largely on State v. Savoie, 67 N.J. 439 (1975), defendant argues, in essence, as support for both of his first two points, that before there can be an offense to N.J.S.A. 2A:105-1, it must be demonstrated that there is a "receipt or taking * * * for the performance of his duties." Appellant characterizes this as a quid pro quo. He continues his syllogism with the suggestion that "the alleged influencing of the outcome of a motor vehicle summons is unquestionably not part of the public duties which a municipal chief of police performs." So, appellant concludes, even if the facts supported a determination that Saldutti gave and Dolton took, it could not be for the performance of his duties, as a result of which no matter what else it might have been, it was not a violation of this statute.
At the outset we perceive a problem probably only of interest here to the intermediate appellate court. We are adjured by obvious implication from Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961), that irrespective of any lack of agreement with the Supreme Court, we must *115 comply with its determinations of law. This is certainly so where the issue of law has been "squarely decided" by the court of last resort. In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 261 (App. Div. 1971), certif. den. 60 N.J. 198 (1972). But what if the most recent pronouncement is dictum and appears to contravene a prior pronouncement by the same court, as Savoie appears to contravene State v. Barts, 132 N.J.L. 74 (Sup. Ct. 1944), aff'd o.b. 132 N.J.L. 420 (E. & A. 1945)? 67 N.J. at 449. Apropos the problem, Roadway Express Inc. v. Director, Div. of Taxation, 50 N.J. 471, 475 (1967), app. dism. 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 276 (1968) instructs that we have a duty "to divine, as best [we] can, what would be the event of an appeal." See Miller v. Estate of Kahn, 140 N.J. Super. 177, 183 (App. Div. 1976).
We need not come to grips with the problem, however, for we are satified that appellant's argument misconceives Savoie, and that even accepting Savoie, an affirmance results.
Savoie says only that the receipt or taking "must be shown to have been for the performance of his duties." 67 N.J. at 449. We do not conceive that pronouncement to imply that misfeasance in the manner in which the duties are performed removes the conduct from having occurred in (and for) the performance of the official duties. Savoie does not say that the statute is offended only if payment is received with the intent that for it an official will do his proper duty. We deem Savoie to mean at most only that the statutory offense does not occur if the official receives something for his restraint from official duties.
Such was not the case here. The testimony easily supports a conclusion that Dolton was offered and received money for doing something in the course of his duties, albeit that what was proposed he do was something honorable men would not applaud.
Affirmed.
NOTES
[1] A unanimous verdict of guilty was announced by the foreman. Upon a poll of the jury, one juror disagreed with the guilty verdict on the first count. The court declared a mistrial.